UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| In re FEDEX GROUND PACKAGE SYSTEM, INC. EMPLOYMENT PRACTICES LITIGATION | ) ) ) ) CAUSE NO. 3:05-MD-527 RM (MDL-1700) |
| ------------------------------------------ | ) |
| THIS DOCUMENT RELATES TO: | ) ) |
| 3:07-cv-496 (*Blanchard* - Colorado) | ) |
| 3:07-cv-478 (*Flores* - Colorado) | ) |
| 3:07-cv-323 (*Dizinno* - Connecticut) | ) |
| 3:07-cv-322 (*Mango* - Connecticut) | ) |
| 3:07-cv-324 (*Givens*- FLSA) | ) |
| 3:05-cv-529 (*Griffin* - Illinois) | ) |
| 3:05-cv-796 (*Perry* - Massachusetts) | ) |
| 3:05-cv-531 (*Sheehan* - Massachusetts) | ) |
| 3:08-cv-575 (*Somers* - Massachusetts) | ) |
| 3:05-cv-532 (*Currithers* - Michigan) | ) |
| 3:05-cv-593 (*Fleming* - Mississippi) | ) |
| 3:06-cv-337 (*Gray* - Missouri) | ) |
| 3:06-cv-393 (*Carlson* - Montana) | ) |
| 3:05-cv-539 (*Bunger* - South Dakota) | ) |
| 3:07-cv-412 (*Thurston* - Vermont) | ) |
| 3:05-cv-541 (*Gregory* - Virginia) | ) |
| | ) |

## OPINION AND ORDER

The overriding common issue in this MDL litigation is whether the plaintiff drivers should be classified as independent contractors or employees. The plaintiffs challenge FedEx's practice of labeling its Ground and Home Delivery division drivers as independent contractors and instead contend that they are employees because of the control reserved to FedEx in the parties' Operating Agreements and commonly applicable FedEx policies and procedures. Like the

other cases that are part of the MDL proceeding, the plaintiffs' claims in these cases hinge on their employment status. The court has found that these cases are not suitable for class certification because a determination of employee status under the applicable state or federal law might require driver-by-driver examination and so can't be resolved on a class-wide basis. Doc. ## 1119 and 1770.

The court finds that in *Blanchard* - Colorado, *Flores* - Colorado, *Dizinno* - Connecticut, *Mango* - Connecticut, *Givens* - FLSA, *Griffin* - Illinois, *Perry* - Massachusetts, *Sheehan* - Massachusetts, *Somers* - Massachusetts, *Currithers* - Michigan, *Fleming* - Mississippi, *Gray* - Missouri, *Carlson* - Montana, *Bunger* - South Dakota, *Thurston* - Vermont, and *Gregory* - Virginia, the remaining issues involve individualized determinations and are more appropriately suited for resolution by the transferor court. The court, therefore, suggests remand of these cases.

## Discussion

The power to remand a case to the transferor court lies solely with the Judicial Panel on Multidistrict Litigation. 28 U.S.C. § 1407(a). In deciding whether to issue a suggestion for remand to the Panel, a transferee court is guided by the standards for remand the Panel uses. In re Bridgestone/Firestone, Inc., 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001). The MDL Panel is to remand any action

transferred into a MDL proceeding "at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated . . . ." 28 U.S.C. § 1407(a). "The plain language of section 1407 accords the Panel discretion to remand cases before the conclusion of pretrial proceedings, and courts routinely have read the statute in that flexible fashion." In re Brand-Name Prescription Drugs Antitrust Litig., 264 F. Supp. 2d 1372, 1375 (Jud. Pan. Mult. Lit. 2003) (*citing* In re Patenaude, 210 F.3d 135, 145 (3d Cir. 2000)).

Even if consolidated proceedings haven't concluded, when only case-specific proceedings remain, "the court can at that point exercise its discretion to remand 'before the conclusion of pretrial proceedings.'" In re Patenaude, 210 F.3d 135, 145 (3d Cir. 2000) ("Clearly, the Panel has the discretion to remand a case when everything that remains to be done is case-specific."); *see also* In re Silica Prods. Liability Litig., 398 F. Supp. 2d 563, 667-668 (S.D. Tex. 2005). In deciding whether to remand a matter to the transferor court, the Panel generally considers "whether the case will benefit from further coordinated proceedings as part of the MDL." In re Ins. Brokerage Antitrust Litig., Civ. Nos. 04-5184, 05-5696, 2009 WL 530965, at *2 (D. N.J. March 3, 2009) (*citing* In re Bridgestone/Firestone, Inc., 128 F. Supp.2d 1196, 1197 (S.D. Ind. 2001)).

When the transferee judge suggests remand to the Panel, this "is an obvious indication that he has concluded that the game no longer is worth the candle

3

(and, therefore, that he perceives his role under section 1407 to have ended)." In re Brand-Name Prescription Drugs Antitrust Litig., 264 F. Supp. 2d at 1376; *see also* MANUAL FOR COMPLEX LITIGATION, FOURTH § 20.133 at 225 (noting that "[t]he Panel looks to the transferee court to suggest when it should order remand, but that court has no independent authority to ... remand"). In exercising that discretion, "[t]he transferee court should consider when remand will best serve the expeditious disposition of the litigation." MANUAL FOR COMPLEX LITIGATION, FOURTH § 20.133 at 225. As § 1407(a) sets forth, the purpose of pretrial consolidation or coordination is "for the convenience of the parties and witnesses and [to] promote the just and efficient conduct of such actions," so "the decision of whether to suggest remand should be guided in large part by whether one option is more likely to insure the maximum efficiency for all parties and the judiciary." United States ex rel. Hockett v. Columbia/HCA Healthcare Corp., 498 F. Supp. 2d 25, 38 (D. D.C. 2007) (citation omitted).

Generally, in cases where remand has been deemed appropriate, "there was no efficiency gain to be had by keeping the case before the transferee court." United States ex rel. Hockett v. Columbia/HCA Healthcare Corp., 498 F. Supp. 2d at 38 (*citing* In re Baseball Bat Antitrust Litig., 112 F. Supp. 2d 1175 (Jud. Pan. Mult. Lit. 2000)). Remand isn't appropriate if continued consolidation will "eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." In re Silica

Prods. Liability Litig., 398 F. Supp. 2d 563, 668 (S.D. Tex. 2005) (*citing* In re Heritage Bonds Litig., 217 F. Supp. 2d 1369, 1370 (Jud. Pan. Mult. Lit. 2002)). "In most cases transferred under 28 U.S.C. § 1407, substantially all discovery will be completed before remand[, but i]n some cases . . . such as mass tort litigation, discovery regarding individual damages may have been deferred and must be conducted in the transferor district after remand." MANUAL FOR COMPLEX LITIGATION, FOURTH § 11.61 at 120.

The parties in these cases have completed common discovery and the discovery deadline has passed, except that to date, expert discovery has only been directed to class certification and employment-status issues. Doc. # 261. Further, the parties haven't conducted discovery as to damages because this court bifurcated liability and damages. Doc. # 52. The court, however, has set forth common facts applicable to the right to control (without consideration of any driver-specific or terminal-specific evidence) that the transferor courts can reference. Doc. # 2097. Pretrial matters aren't complete in that additional expert discovery might be warranted, dispositive motions on issues other than employment classification might be filed, and pretrial matters such as identifying trial witnesses and exhibits hasn't occurred.

Motions for summary judgment pend in some of the cases listed above as to individual plaintiffs. In some states, such as Michigan, this court has determined that resolution of the motions require individualized analysis of actual

5

control. When actual exercise of control must be considered to determine employment status, common issues don't predominate and remand back to the transferor court is appropriate.

In other states utilizing the "ABC" or "AB" test, such as Montana, where there is a near-presumption that a worker is an employee and FedEx can only rebut this presumption by establishing that it doesn't have the right or actual exercise of control, this court held that FedEx must be given the chance to rebut the presumption by presenting both common and individualized evidence. If the court needs to address actual control, it must review individualized evidence. Further, deciding whether a worker is an independently established business — another prong of the "ABC" and "AB" test — might require review of individualized evidence. The court might not need to consider any individualized evidence if the common evidence establishes a right to control or another prong of the test. But, as this court previously noted, even if the plaintiffs are "correct that FedEx can't show their freedom from control under the Operating Agreement, the other issues (and the individual and field based proof those issues entail) likely would be part of the summary judgment inquiry." Doc. # 1770, p. 7.

In its Kansas summary judgment order (doc. # 2097), this court analyzed the right to control test under Kansas law and found that FedEx's right to control its drivers is insufficient to make them employees. While this may not be the same conclusion reached in other cases where application of state law differs, it

illustrates the likelihood that the transferor court will need to look beyond the right of control to actual control in states utilizing the "AB" or "ABC" test.

The court acknowledges that it decided the Illinois plaintiffs' Wage Act claims controlled by the "ABC" test on summary judgment. Doc. # 2068. The court found that FedEx couldn't show the second prong of the exemption — that the drivers' work is performed outside FedEx's usual course of business or outside FedEx's place of business — was met. The court determined this prong could be addressed summarily given Illinois case law on the issue and noted that it would address the plaintiffs' common law claims by separate motion. The court isn't inclined to similarly address the remaining cases involving the "AB" or "ABC" test to first determine if they can be resolved by common evidence.

When remaining issues involve analysis of driver specific evidence to individual named plaintiffs, judicial economy favors remand back to the transferor court. The transferor court is in a better position to review the record in its entirety, taking into consideration both common and individual evidence as part of the overall summary judgment inquiry. Because the parties have completed common discovery and common facts have been set forth by this court, the remaining issues in the above cases are mainly case-specific.

It won't serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation for this court to continue to manage non-class cases that require application of state law to each named plaintiffs'

varying circumstances. The transferor courts can address dispositive motions as to individual plaintiffs more effectively, and certainly far more efficiently, especially considering that the courts may need to consider individualized evidence. Accordingly, in the cases listed in the caption of this order, the court finds it appropriate to suggest remand back to the transferor courts to determine what evidence and issues must be evaluated for the individual plaintiffs' motions for summary judgment.

Upon suggestion of remand, the transferee court should enter a "pretrial order that fully chronicles the proceedings, summarizes the rulings that will affect further proceedings, outlines the issues remaining for discovery and trial and indicates the nature and expected duration of further pretrial proceedings." MANUAL FOR COMPLEX LITIGATION, FOURTH § 20.133 at 226. The court instructs the parties to file a joint proposed pretrial order in each case suggested for remand within thirty days of the date of this order. In those cases in which summary judgment motions pend, the court requests the parties to specifically identify the docket numbers of the motion, response and reply, notices of supplemental authority, statement of genuine issues and additional facts, *e.g.,* doc. # 1912, corrections to the SGI, *e.g.,* doc. ## 2058 and 2060, and any other document relevant to the pending motions. The court also requests the parties to list the docket number of orders relevant to the cases whose remand is suggested, including discovery orders that affect post- remand proceedings, *e.g.,* doc. ## 1776

and 1941, orders on motions to strike summary judgment evidence, *e.g.,* doc. # 2056, orders on judicial notice, *e.g.,* doc. # 2016, class certification orders, *e.g.,* doc. ## 1119, 1770, and order denying plaintiffs' request to give preclusive effect to the Estrada decision, doc. ## 2029 and 2062.

At this time, the court doesn't suggest remand of 3:07-cv-325 (*Vargas*, MCSA) even though the court denied class certification. The pending summary judgment motion in that case is tied to the Wisconsin (*Larson*) summary judgment motion, so the court will retain the *Vargas* action until it decides *Larson.*

Conclusion

For the reasons stated above, pursuant to Rule 7.6(c)(ii) of the Rules of the Judicial Panel of Multi-District Litigation, the court SUGGESTS that the Panel REMAND 3:07-cv-496 (*Blanchard* - Colorado) and 3:07-cv-478 (*Flores* - Colorado) to the District of Colorado, 3:07-cv-323 (*Dizinno* - Connecticut) and 3:07-cv-322 (*Mango* - Connecticut) to the District of Connecticut (New Haven), 3:07-cv-324 (*Givens*- FLSA) to the District of Louisiana (New Orleans), 3:05-cv-529 (*Griffin* - Illinois) to the Northern District of Illinois, 3:05-cv-796 (*Perry* - Massachusetts), 3:05-cv-531 (*Sheehan* - Massachusetts), and 3:08-cv-575 (*Somers* - Massachusetts) to the District of Massachusetts (Boston), 3:05-cv-532 (*Currithers* - Michigan) to the Eastern District of Michigan, 3:05-cv-593 (*Fleming* - Mississippi) to the Northern District of Mississippi, 3:06-cv-337 (*Gray* - Missouri) to the

Eastern District of Missouri, 3:06-cv-393 (*Carlson* - Montana) to the District of Montana, 3:05-cv-539 (*Bunger* - South Dakota) to the District of South Dakota (Southern Division), 3:07-cv-412 (*Thurston* - Vermont) to the District of Vermont (Burlington), and 3:05-cv-541 (*Gregory* - Virginia) to the Eastern District of Virginia (Norfolk). The court will, however, retain jurisdiction to consider the fair and equitable assessment of any potential recovery for the services performed and expenses incurred by attorneys acting for administration and common benefit of all MDL plaintiffs. The court instructs the parties to file joint proposed pretrial orders in each case within thirty days of the date of this order.

SO ORDERED.

ENTERED:   August 12, 2010

 /s/ Robert L. Miller, Jr.   
 Judge  
 United States District Court

cc: Judicial Panel on Multi-District Litigation